**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | In Proceedings Under Chapter 12 |
| PAUL J. GRABOWSKI and | ) | |
| TONYA L. GRABOWSKI, | ) | |
| | ) | |
| Debtors. | ) | Bankruptcy No. 15-40381 |
| | ) | |
| DEERE AND COMPANY; | ) | |
| JOHN DEERE FINANCIAL, f.s.b., | ) | |
| | ) | |
| Plaintiff, | ) | Adversary No. 16-04000 |
| | ) | |
| v. | ) | |
| | ) | |
| PAUL J. GRABOWSKI and | ) | |
| TONYA L. GRABOWSKI, | ) | |
| | ) | |
| Defendants. | ) | |

## **OPINION**

Before this Court is the Motion filed by debtors Paul J. Grabowski and Tonya L. Grabowski ("Defendants") to dismiss as untimely the Complaint filed by Deere and Company; John Deere Financial, f.s.b. ("Plaintiff") to determine the dischargeability of a debt.

The relevant facts are not in dispute.[1] On three separate occasions between April 2, 2010 and September 8, 2011, the Defendants purchased four John Deere Row-Crop Tractors ("the collateral") from the Plaintiff. For each purchase, the Defendants and the Plaintiff entered into a Loan Contract-Security Agreement ("agreements"), and the Plaintiff filed Uniform Commercial Code Financing Statements with the Illinois Secretary of State. Shortly thereafter, the Defendants sold the collateral to third parties. The Defendants did not notify the Plaintiff of the sales or remit the sales proceeds to the Plaintiff, but instead made payments pursuant to the

---

[1] The parties stated at the hearing on February 29, 2016, that they agreed on the underlying facts set forth in the Complaint.

agreements through 2014. On January 12, 2015, the Plaintiff filed a replevin action in the state circuit court, Washington County, seeking to repossess the collateral.

The Defendants filed a voluntary Chapter 12 Bankruptcy Petition on April 22, 2015, automatically staying the state court replevin action. The Plaintiff was listed as a creditor on the Defendants' original bankruptcy schedules and received the Notice of Chapter 12 Bankruptcy Case, Meeting of Creditors, and Deadlines, which fixed July 27, 2015, as the deadline to file a complaint to determine dischargeability of certain debts. The Plaintiff moved for relief from the automatic stay on July 1, 2015. The Defendants did not object, and an Order lifting the automatic stay as to the Plaintiff was entered on July 20, 2015. The deadline to object to dischargeability terminated on July 27, 2015, without the Plaintiff having filed an adversary complaint or a motion to extend the time to do so.

The automatic stay having been lifted, counsel for the Plaintiff sent correspondence to the Defendants regarding surrender of the collateral and discovery options, as well as formal discovery requests. According to the Plaintiff's brief, counsel for the Plaintiff received the Defendants' answers to interrogatories on September 28, 2015. The answers revealed that the Defendants had sold the collateral. During the following months, the Plaintiff conducted further discovery in an effort to ascertain the buyers of the collateral, the locations of the collateral, and the circumstances of the sales.

Without having requested an extension of time, on January 8, 2016, the Plaintiff filed a Complaint to Determine Dischargeability of Debt pursuant to sections 523(a)(2)(A) and 523(a)(2)(B) of the Bankruptcy Code,[2] 11 U.S.C. §§ 523(a)(2)(a) and 523(a)(2)(B). The Defendants moved to dismiss the Complaint, asserting that it was time-barred pursuant to Rules

---

[2] All statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, and will hereinafter be referred to as "§ (section number)."

4007(c) and 9006(b)(3) of the Federal Rules of Bankruptcy Procedure.[3] Fed.R.Bankr.P. 4007(c); Fed.R.Bankr.P. 9006(b)(3). At the hearing on the Motion to Dismiss, the Plaintiff argued that its Complaint should be allowed pursuant to the doctrine of equitable tolling. The Court took the matter under advisement and directed the parties to submit briefs. For the reasons set forth below, the Court finds that the Plaintiff's Complaint is untimely, and accordingly, dismisses the adversary proceeding.

The issue in this case is whether to allow the Plaintiff's Complaint objecting to dischargeability under §§ 523(a)(2)(A) and 523(a)(2)(B) pursuant to the doctrine of equitable tolling, when the Plaintiff received notice of the case and relevant deadlines but did not file its Complaint until after the deadline to file a complaint under § 523(a)(2) had expired.

Section 523(c) of the Bankruptcy Code provides that debts listed in § 523(a)(2) shall be discharged unless, upon request from an interested party, a court determines that the debt is excepted from discharge. Bankruptcy Rule 7001(6) requires that an objection to dischargeability of debt be filed as a complaint in an adversary proceeding. Bankruptcy Rule 4007(c) requires that a complaint to determine the dischargeability of a debt be filed no later than 60 days after the first date set for the meeting of creditors unless the time is extended. According to its Complaint, the Plaintiff in this case objects to the dischargeability of its claim pursuant to §§ 523(a)(2)(A) and 523(a)(2)(B). Therefore, the Complaint falls under § 523(c) and is subject to the time limitations set forth in Bankruptcy Rule 4007(c).

As stated above, Bankruptcy Rule 4007(c) sets strict time limitations for filing a complaint under § 523(c), requiring that a complaint "be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed.R.Bankr.P. 4007(c). This Rule allows

---

[3] All references to the Federal Rules of Bankruptcy Procedure will hereinafter be referred to as "Bankruptcy Rule (rule number)" or "Rule (rule number)."

3

a court to extend the time for filing such a complaint but requires that the party seeking an extension file a motion for an extension of time "before the time has expired." *Id*. Rule 9006(b)(3) reinforces this rigid deadline, limiting a court's authority to enlarge the time for taking action under Rule 4007(c) "only to the extent and under the conditions" stated in that Rule. Fed.R.Bankr.P. 9006(b)(3). Therefore, pursuant to these rules, a party objecting to dischargeability under § 523(c) must file its complaint within 60 days of the meeting of creditors. Only if a party moves to extend the time to file such a complaint before the 60 days expire may a court enlarge the time for objecting to dischargeability under § 523(c).

Although Rules 4007(c) and 9006(b)(3) are clear and leave a bankruptcy judge with little discretion, the Plaintiff asserts it was unaware of its potential objection until the time to object to dischargeability had passed and, therefore, asks that the Court apply the doctrine of equitable tolling to allow its Complaint.[4]

As a general matter, principles of equitable tolling may apply to extend a filing deadline when, despite due diligence, a plaintiff is unaware of information critical to recognizing the existence of a potential claim. *Beamon v. Marshall & Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005) (a non-bankruptcy case involving Title VII). "The rationale behind the doctrine of equitable tolling is that a statute of limitations should not start running until the plaintiff is aware she may have a cause of action." *In re Higgins*, 270 B.R. 147, 158 (Bankr.S.D.N.Y. 2001). While courts have applied this doctrine where evidence has been concealed or where a party has been intentionally misled, courts "have not been so generous where one does not act diligently in protecting his legal rights." *Id*.

---

[4] In similar situations, courts have also discussed the doctrine of equitable estoppel. Since the Plaintiff has made no reference to equitable estoppel, this Court will not discuss it.

4

Although equitable tolling may be a familiar doctrine doctrine outside the bankruptcy context, the application of the doctrine to the Bankruptcy Code and Rules has been a source of discord among courts.  The Plaintiff relies on the case of *In re Kontrick*, 295 F.3d 727 (7th Cir. 2002), *aff'd*, 540 U.S. 443 (2004), in which the Seventh Circuit Court of Appeals found that the deadlines in Rules 4004(a) and 4007(c) are not jurisdictional and are more akin to statutes of limitation, which are subject to equitable defenses.[5]  Equitable tolling is one such equitable defense.  *United States v. Locke*, 471 U.S. 84, 94 n. 10 (1985).  Notwithstanding *Kontrick's* finding that it is subject to equitable defenses, Rule 4007(c) sets forth a statute of limitations which must be strictly construed.  *In re Lopresti*, 397 B.R. 62, 66 (Bankr.N.D.Ill. 2008).

Equitable tolling may be justified when the party invoking the doctrine has pursued his rights diligently, but "some extraordinary circumstance stood in his way and prevented timely filing." *In re Lee*, 2015 WL 251992 at *3 (Bankr.N.D.Ill. 2015).  Application of the doctrine is "rare," however, and "[a] litigant invoking the doctrine must show that timely filing was far beyond his control." *Id.*  Thus, courts that recognize the doctrine of equitable tolling tend to apply it on a limited, fact-specific basis.  *See, e.g.*, *In re Sven*, 2006 WL 3691160 (C.D.Ill. 2006) (refusing to apply equitable tolling when plaintiff had necessary information to file a complaint, notice of case, and notice of bar date); *Grabitske v. Brittingham & Hixon Lumber Co.*, 2010 WL

---

[5] In *Kontrick*, the plaintiff had filed an untimely amended complaint, adding an objection to discharge under 11 U.S.C. § 727.  Whether the complaint was timely depended on an analysis of Rule 4004 and whether the Rule was subject to the equitable defense of waiver. (The defendant had failed to address the timeliness of the complaint before the Bankruptcy Court.)  While Rule 4004 was more relevant to the specific facts in *Kontrick* than Rule 4007, the Court also analyzed Rule 4007(c) as the "analogous provision" for objections to dischargeability.  *Id.* at 730.  In holding that the timeliness provisions of Rule 4004 were subject to equitable defenses, the Court seemed to imply that, by analogy, Rule 4007(c) was also subject to such equitable defenses.  The Seventh Circuit Court of Appeals' decision was upheld on appeal to the United States Supreme Court, which agreed that Rule 4004 was not jurisdictional and could be waived.  *See Kontrick v. Ryan*, 540 U.S. 443 (2004).  However, the Supreme Court explicitly declined to rule on whether the Bankruptcy Rules were subject to equitable considerations.  *Id.* at 458.  In *Mirmingos v. Benjamin*, the District Court for the Northern District of Illinois, prior to the Supreme Court's decision in *Kontrick*, interpreted the Seventh Circuit Court of Appeals' decision in *Kontrick* to mean that "the timeliness provisions in Bankruptcy Rules 4004 *and* 4007 are not jurisdictional, and are therefore subject to equitable defenses." *Mirmingos v. Benjamin*, 288 B.R. 521, 522 (N.D.Ill. 2003) (emphasis added).

3666990 (W.D.Wis. Sept. 15, 2010) (rejecting plaintiff's argument that the deadline should be equitably tolled pending debtor's Rule 2004 examination); *Mirmingos v. Benjamin*, 288 B.R. 521 (N.D.Ill. 2003) (affirming bankruptcy court's ruling that no equitable defense applies when debtor had agreed to settlement of state court fraud action but then filed bankruptcy). As the Court explained in *Grabitske*,

> These [equitable] defenses must be applied in a manner consistent with the Bankruptcy Code and "the manifest goals of Congress to resolve the matter of dischargeability promptly and definitively in order to ensure that the debtor receives a fresh start unobstructed by lingering doubts about the finality of the bankruptcy decree."

*Grabitske*, 2010 WL 3666990 at * 5 (citing *United States v. Locke*, 471 U.S. at 94, n. 10).

Courts in other cases have taken an even stricter approach, concluding that they are exclusively bound by the time limitations set forth in the Bankruptcy Code. *See, e.g.*, *In re Borczyk*, 458 B.R. 468, 472 (Bankr.N.D.Ill. 2011) (holding that "where the Code and Rules express a clear limitation on the time to object to discharge, that limitation cannot be overridden using the equitable powers of § 105."); *In re Brown*, 444 B.R. 173 (S.D.Ind. 2011) (the court may only enlarge the time to file an objection to discharge under the analogous Rule 4004 to the extent allowed by that Rule); *In re Sykes*, 451 B.R. 852, 861 (Bankr.S.D.Ill. 2001) (rejecting creditor's argument that equitable tolling should apply to allow a late-filed claim and stating that the court's equitable powers "must be exercised within the confines of the Bankruptcy Code."). The restraint on bankruptcy courts' equitable powers was most recently reinforced by the Supreme Court case of *Law v. Siegel*, 134 S.Ct. 1188 (2014), in which the Supreme Court held that, although § 105 gives a bankruptcy court statutory authority to carry out the provisions of the Code, "a bankruptcy court may not contravene specific statutory provisions" in carrying out those powers. *Id*. at 1194. In the present case, this Court finds it unnecessary to make a specific

determination whether it is limited by the strict approach set forth above or if it has authority to allow the Plaintiff's late-filed dischargeability Complaint pursuant to the doctrine of equitable tolling, as the facts do not justify applying the doctrine.

Section 523(c) "places a heavy burden on the creditor to protect his rights." *In re Marino*, 195 B.R. 886, 893 (Bankr.N.D.Ill. 1996). "A party with actual notice of a bankruptcy case must act diligently to protect its interest." *In re O'Shaughnessy*, 252 B.R. 722, 730 (Bankr.N.D.Ill. 2000).

The Plaintiff was listed as a creditor on the Defendants' original bankruptcy schedules, which were filed on April 22, 2015. On April 23, 2015, the Court served the Notice of Chapter 12 Bankruptcy Case, Meeting of Creditors, and Deadlines to all creditors listed on the Defendants' schedules. This Notice set the deadline to file a complaint to determine dischargeability for July 27, 2015. There is no dispute that the Plaintiff received notice of the case, as well as notice of this deadline.

The Plaintiff's knowledge of the case and the deadlines is further supported by the fact that the Plaintiff filed a Motion for Relief from the Automatic Stay almost a month before the deadline to object to dischargeability. While the Plaintiff was surely acting to protect its rights by filing the Motion for Relief, the facts alleged in the Plaintiff's own Motion should have warned the Plaintiff that further action was necessary. In fact, the Plaintiff's Motion for Relief asserts that pieces of its collateral were actually missing from the Defendants' Schedule B.[6] The Defendants' Statement of Financial Affairs also listed multiple sales to unknown parties of Deere farming equipment (though not the collateral at issue here). These details should have put the Plaintiff on high alert that a thorough investigation was necessary within a sufficient amount of time to file a complaint pursuant to § 523 or, at the very least, a timely request for an extension

---

[6] *See* Plaintiff/Creditor's Motion for Relief from the Automatic Stay at ¶ 24 (doc. 32 in bankruptcy case).

7

of time. Despite having full knowledge of the case and the filing deadlines, and faced with the realization that the Defendants' schedules, submitted under oath, did not appear to list all of its collateral, the Plaintiff neglected to even request an extension of time to file a complaint objecting to dischargeability.

Based on the Plaintiff's knowledge of the bankruptcy case from its inception, as well as its sense that the Defendants had not been thorough or honest in scheduling its collateral (as demonstrated by the Motion for Relief), this Court believes that the Plaintiff was sufficiently informed in order to allow it to at least timely request an extension of time to file a dischargeability complaint prior to the termination of the deadline.

However, even if this Court did allow the deadline to be equitably tolled based on the date the Plaintiff became aware its collateral had been sold, the Plaintiff still filed its Complaint too late. Equitable tolling does not indefinitely extend the time to file an adversary complaint. As pointed out below, once a party becomes aware of a fraud, it must act with due diligence. By its own admittance, the Plaintiff discovered on September 28, 2015, that the Defendants had sold its collateral.[7] On that date, the Plaintiff would have become aware of its potential, though late, objection to the dischargeability of its claim under § 523. Instead, the Plaintiff waited until January 8, 2016, almost four months after it learned of the sale, to file its Complaint (without ever seeking leave to do so). Waiting four months is not acting with due diligence.

The Plaintiff offers no explanation for this delay. The Plaintiff's brief characterizes the Defendants' discovery responses as vague and incomplete and states that it spent the following months obtaining further details of the sales,[8] perhaps suggesting that it did not have sufficient information regarding the sales to file a detailed complaint. Further information, however, was

---

[7] *See* Plaintiff's Response to Debtors' Motion to Dismiss & Statement in Support of Complaint to Determine Dischargeability of Debt at ¶ 12 (doc. 13 in adversary case).
[8] *See id*. at p. 4-6.

8

irrelevant to the Plaintiff's ability to file an adversary complaint against the Defendants soon after September 28, 2015. Any missing information was also inessential for the Plaintiff to file a motion for leave to file such a complaint. Therefore, even if equitable tolling did apply, the Plaintiff's Complaint was *still* too late, as it was not filed until almost four months after it became aware of its claim.

The Plaintiff alleges that the Defendants' actions were "dishonest, fraudulent, and deceptive" and argues that it had been misled by the Defendants' failure to disclose the sales for more than four years prior to the bankruptcy.[9] The Plaintiff also contends that it was further misled by the Defendants, alleging that they appeared amenable to settlement or voluntary surrender of the collateral until the deadline to object to dischargeability had passed. But these acts of alleged deception are insufficient to equitably toll the time requirements of Rule 4007(c), as they did not involve extraordinary circumstances which prevented the Plaintiff from knowing about its right to file a complaint under § 523 or from filing a complaint under § 523. What happened in the four years prior to the bankruptcy is irrelevant, as every adversary proceeding under § 523(a)(2) is based upon pre-bankruptcy filing actions. Further, the fact that the parties had been engaged in negotiations did not stop the Plaintiff from filing a timely complaint under § 523 to protect its interests.

Nor does the Defendants' alleged deception excuse waiting four months to file a complaint after becoming aware of the sale. Even if this Court were to find that the Defendants misled the Plaintiff, equitable tolling is only permitted "until the fraud or concealment is, or should have been, discovered. However, once a party becomes aware of the fraud, it must act with due diligence in asserting its rights." *In re Romano*, 262 B.R. 429, 432-433 (Bankr.N.D. Ohio 2001) (citation omitted) (applying equitable tolling when the plaintiff filed its complaint

---

[9] *See id.* at p. 14.

within one month of confirming that the debtor had acted fraudulently). Equitable tolling simply does not award a plaintiff an indefinite extension of time in which to file a complaint.

In conclusion, equitable tolling does not aid the Plaintiff in this situation. Despite having notice of the case and the filing deadline, the Plaintiff did not file a motion to extend the time in which to file a complaint objecting to dischargeability. By the time the Plaintiff filed its Complaint, 102 days had passed since the Plaintiff had become aware of its potential claim. This is excessively longer than the 60-day time period normally provided for filing such complaints. While this Court does not condone the alleged behavior of the Defendants in selling the Plaintiff's collateral, it cannot ignore the Plaintiff's indifference as to the location of its collateral during the four years preceding the bankruptcy filing or the Plaintiff's procrastination following its notice of the case and knowledge of the sales. Not only is this Court disinclined to reward the Plaintiff's inaction by allowing its Complaint to proceed, but it finds no authority to do so.

Accordingly, for the reasons set forth above, this Court finds that the Plaintiff's Complaint is time-barred.

See Order entered this date.

ENTERED: May 16, 2016

/s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE